RALPH W. FORD, PLAINTIFF-RESPONDENT, v. JAMES C. REICHERT, DEFENDANT-APPELLANT.

Argued February 4, 1957—Decided February 18, 1957.

430

Mr. *Edward V. Ryan* argued the cause for appellant (*Mr. Cornelius W. Caruso*, on the brief).

Mr. *John T. Mooney* argued the cause for respondent (*Messrs. Hein, Smith & Mooney*, attorneys).

The opinion of the court was delivered by

WACHENFELD, J.   The Appellate Division reversed the judgment of the trial court entered in favor of defendant on a jury verdict of no cause of action in an automobile accident case.   The cause was remanded for a new trial, but we granted certification on the defendant's petition. *Ford v. Reichert,* 22 *N. J.* 269 (1956).

On February 9, 1954 plaintiff was a passenger in the defendant's automobile en route to their place of employment.   The car skidded on an icy pavement and slewed off the roadway, hitting a stop sign and tree.   The plaintiff was seriously injured.

Upon trial the plaintiff contended he was riding with defendant as an invitee by reason of a car pool agreement in effect for nearly two years prior to the accident.   The defendant maintained, however, this arrangement had terminated some time earlier and that the plaintiff was a mere licensee since he had requested a ride on the morning the accident occurred, his car being unavailable.

Driving conditions were admittedly dangerous and defendant's negligence was said to consist in accelerating to pass another car on a bend in the road, which caused his automobile to skid.   The defendant's explanation was that he merely encountered an icy patch which he was unable to observe and that he used every accepted measure in attempting to regain control of the car.   He also interposed the affirmative defense of assumption of the risk.

The defendant testified on direct examination that at 7:30 A. M. he had received a telephone call from plaintiff requesting transportation.   In order to provoke an amplification of this testimony, defendant was then shown a statement he had previously made to an investigator containing some additional information.

Objection was made to the use of the statement for the purpose of refreshing the recollection of the defendant as to the events preceding the ride.   The objection was overruled, and this was cited as prejudicial error in the appeal to the Appellate Division.   The memorandum in question is sup-

posed to bear on the issue of whether the plaintiff was an invitee or licensee.

The Appellate Division found no error, holding permission to use the statement to stimulate the defendant's memory with regard to forgotton portions of the plaintiff's telephone conversation was appropriately granted within the trial judge's discretion. Its employment was under the rule concerning "present recollection refreshed." The statement itself was not introduced into evidence nor were its contents submitted to the jury.

The disposition in this respect is no longer the subject of controversy as it is not before us on the pending appeal, both sides apparently being satisfied with the ruling made.

After having so determined, however, the Appellate Division on its own motion invoked *R. R.* 1:5–3 (*c*), our rule on plain error applied to the lower appellate tribunal by *R. R.* 2:5, and reversed the judgment rendered because there was error, even though not called to the court's attention, in the trial judge's (1) charge on contributory negligence because it was not an issue raised by the pleadings or pretrial order; (2) charge on two different occasions as to the principle of assumption of risk; and (3) failure to charge the burden of proof with respect to defendant's affirmative defenses.

These, together with the propriety of invoking the plain error rule, are the sole issues on this appeal. The defendant contends the charge given by the trial court was not prejudicial and that the case does not justify a resort to the "plain error" doctrine.

The defendant's answer denied negligence and asserted affirmatively that the accident was unavoidable and "under circumstances and conditions then and there obvious and apparent to the plaintiff, in entering and continuing to ride in the automobile of the defendant, he assumed the risk of any injuries or damage which he may have sustained in consequence of said occurrence."

Contributory negligence was not pleaded in the answer, nor did it appear as an issue in the pretrial order. The

defendant claims no plain error affecting substantial rights resulted from the charge as to this principle, since the concepts of contributory negligence and assumption of risk are in law virtually identical and convertible.

■ Such, however, is not the law of our State. *Klinsky v. Hanson Van Winkle Munning Co.*, 38 *N. J. Super.* 439 (*App. Div.* 1955), certification denied 20 *N. J.* 534 (1956); *Pona v. Boulevard Arena*, 35 *N. J. Super.* 148 (*App. Div.* 1955), certification denied 19 *N. J.* 326 (1955). See also *Restatement, Torts,* § 466, *comment* (*d*), and § 893.

■ We agree with the Appellate Division that the charge of contributory negligence was unwarranted under the issues as framed in this case and also concur in its criticism that, even if justified, it failed to require a finding of proximate causation.

Additionally, the Appellate Division condemned the charge as to assumption of risk because it permitted the jury to conclude the mere presence of the plaintiff in the car would justify a finding that he assumed the risk of negligent driving on the part of defendant. It is argued this portion of the charge should be sustained because on cross-examination the plaintiff had admitted driving conditions were bad and that he realized it.

■ We do not think the proofs warranted the charge in the form it was made. Furthermore, we are in accord that the charge on the doctrine of assumed risk lacked what is termed by the court below "the guiding clarity which the circumstances required."

Our main concern is whether or not this is a proper case for the Appellate Division to invoke the plain error rule since the charge of the trial court had not been objected to at the time of trial, as required by *R. R.* 4:52–1, nor cited on appeal as error.

■ The basic purpose of the rule is to assure substantial justice to litigants. This objective was succinctly stated in *In re Stern*, 11 *N. J.* 584, 590 (1953), where we said:

"This rule serves where, as here, 'substantial justice' has not been done as a result of the erroneous action."

■ Its application is discretionary even though the rule should be sparingly employed. A safety valve wears quickly with constant use. But here the Appellate Division specifically found that "in the interest of essential justice the judgment must be reversed," and our reading of the record does not lead us to a contrary conclusion. There were a number of errors which in combination worked a serious curtailment of plaintiff's right to a fair hearing in accordance with established law.

■ In the procedure before us, however, the judicial fundamental of the right to be heard seems to have been completely forgotten. This elementary privilege is seldom trespassed upon, but here neither party had the opportunity of presenting its views before they found themselves bound by the court's edict. If and when the Appellate Division concludes substantial justice requires the invoking of the plain error rule and the issues have not been presented or argued, the litigants are entitled to notice of the points the court thinks constitute plain error and have a right to be heard before a final determination. The court should not deprive the parties of their day in court or their right to be heard on matters which may defeat their cause.

■■ Both parties have now been given this opportunity by the granting of the petition for certification. They have had their full day in court.

The judgment below is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices WACHENFELD, BURLING and JACOBS—4.

*For reversal*—Justice OLIPHANT—1.