**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0167-22

BONEFISH CAPITAL, LLC,

     Plaintiff,

v.

AUTOSHRED, LLC, and
C. BRUCE RUSH, individually,

     Defendants-Respondents,

and

K-2 PARTNERS, LLC, and
VLADIMIR VASAK, individually,

     Defendants,

and

PELAS CAPITAL MANAGEMENT,
INC., d/b/a WALKER FOREST, LLC,
IMWOTH, LLC, d/b/a AUTOSHRED
NJ, and PETER LEVITT, individually,

     Defendants-Appellants.

_____

Argued January 17, 2024 – Decided February 6, 2024

Before Judges Whipple, Mayer and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket Nos. L-1782-16 and L-2804-17.

Sigmund Joseph Fleck (Brown McGarry Nimeroff LLC) argued the cause for appellants (Sigmund Joseph Fleck and Raymond J. McGarry (Brown McGarry Nimeroff LLC), attorneys; Sigmund Joseph Fleck and Raymond J. McGarry, of counsel and on the briefs).

John J. Mensching argued the cause for respondents (Mensching & Lucarini, PC, attorneys; John J. Mensching, on the brief).

PER CURIAM

This case returns to us after a limited remand directing the trial judge to render credibility findings regarding a crossclaim for indemnification asserted by defendants Pelas Capital Management, Inc. d/b/a Walker Forest (Pelas), Imwoth, LLC d/b/a Autoshred NJ (Imwoth), and Peter Levitt (collectively, Levitt defendants) against co-defendants Autoshred, LLC (Autoshred) and C. Bruce Rush (collectively, Rush defendants) pursuant to an Asset Purchase Agreement (APA). Consistent with our remand instructions, the judge entered a July 6, 2022 order, rendering credibility findings and dismissing the Levitt defendants' crossclaim for indemnification against the Rush defendants. We affirm.

The parties are familiar with the facts, which are summarized in our prior decision. Bonefish Capital, LLC v. Autoshred, LLC, No. A-1280-19 (App. Div. Feb. 22, 2022). In the prior decision, we vacated the trial court's dismissal of the Levitt defendants' crossclaim for indemnification against the Rush defendants and remanded to the trial court for additional findings, "especially on the issue of credibility" and "the applicability of Section 13.05(b) of the [APA]." Id., slip op. at 43-44. The sole issue on remand was whether "Levitt was properly notified by Rush of the Bonefish[1] action and had, at the time of the closing, 'actual knowledge' of a breach of the APA," thereby barring the Levitt defendants' claim for indemnification under Section 13.05(b) of the APA. Id. at 41.

On remand, counsel agreed there was no need for another testimonial hearing because the parties previously testified on the indemnification issue at an August 20, 2019 plenary hearing. Thus, the judge reviewed the parties' testimony from the 2019 plenary hearing prior to rendering his remand decision.

The judge found "Levitt generally testified in a forthright manner . . . [without] any hint of evasion," though he also found Levitt's "memory regarding

---

[1] Plaintiff Bonefish Capital, LLC filed suit against the Rush defendants and the Levitt defendants asserting it was owed a commission for the sale of Autoshred.

the exact details of the July 11, 2016 telephone conversation [regarding the validity of Bonefish's claim for the payment of a commission] . . . was inexact." The judge further noted "Rush's recollection of any communications he may have had with . . . Levitt . . . relating to the Bonefish claim[] was limited." The judge concluded:

> Levitt clearly knew of the Bonefish claim before his closing of the Autoshred sale and, in fact, knew that litigation had been commenced by Bonefish to enforce its commission claims. . . . [A]ny reliance by Levitt on Rush's statements that . . . Bonefish's claims were . . . without merit [was] not reasonable. . . . Even if Rush was less than forthcoming in his opinion of Bonefish's claims, Levitt was clearly put on notice of Bonefish's demand letter and of the actual filing of a [c]omplaint by Bonefish in furtherance of its claims. The court finds, therefore, that Levitt had actual and adequate knowledge of the claims . . . .

Based on his credibility determinations and factual findings, the judge entered an August 5, 2022 order again dismissing the Levitt defendants' crossclaim for indemnification under the APA.

The Levitt defendants appealed the July 6, 2022 and August 5, 2022 orders. On appeal, the Levitt defendants argue the judge erred in concluding Section 13.05(b) of the APA barred their crossclaim for indemnification. For the first time on appeal, the Levitt defendants assert the Rush defendants were

4

judicially estopped from arguing the Levitt defendants had actual knowledge of Rush's breach of the APA.

In reviewing a trial judge's factual findings, we apply a deferential standard. Balducci v. Cige, 240 N.J. 574, 594-95 (2020). We "give deference to the trial court that heard the witnesses, sifted the competing evidence, and made reasoned conclusions." Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015). A reviewing court "should 'not disturb the factual findings and legal conclusions of the trial judge' unless convinced that those findings and conclusions were 'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Ibid. (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). "Appellate courts owe deference to the trial court's credibility determinations as well because it has 'a better perspective than a reviewing court in evaluating the veracity of a witness.'" C.R. v. M.T., 248 N.J. 428, 440 (2021) (quoting Gnall v. Gnall, 222 N.J. 414, 428 (2015)).

We begin with the judicial estoppel argument raised by the Levitt defendants for the first time on appeal. We need not consider issues raised for the first time on appeal unless they are jurisdictional in nature, substantially implicate a public interest, or otherwise constitute plain error. See Nieder v.

Royal Indemnity Ins. Co., 62 N.J. 229, 234 (1973). The judicial estoppel argument is neither jurisdictional nor does the issue implicate a public interest.

Further, the Levitt defendants failed to demonstrate plain error under Rule 2:10-2. The Rule requires a party show an error or omission was "clearly capable of producing an unjust result." Szczecina v. PV Holding Corp., 414 N.J. Super. 173, 184 (App. Div. 2010) (quoting R. 2:10-2). Moreover, "[r]elief under the plain error rule . . . in civil cases, is discretionary and 'should be sparingly employed.'" Baker v. Nat'l State Bank, 161 N.J. 220, 226 (1999) (quoting Ford v. Reichert, 23 N.J. 429, 435 (1957)). We discern no error, let alone plain error, in the judge's remand decision.

We next consider the Levitt defendants' argument that the judge erred in concluding Section 13.05(b) of the APA barred their crossclaim for indemnification. We reject this argument.

Here, the judge followed our remand instructions. In our prior decision, we remanded for additional findings, "especially on the issue of credibility" and "the applicability of Section 13.05(b) of the [APA]." Bonefish Capital, LLC, slip op. at 43-44. The sole issue on remand was whether "Levitt was properly notified by Rush of the Bonefish action and had, at the time of the closing, 'actual knowledge' of a breach of the APA." Id. at 41. In accordance with our prior

decision, the judge rendered credibility determinations on the indemnification issue based on the parties' testimony during the August 2019 plenary hearing. While the Levitt defendants may disagree with the judge's credibility determinations, we must defer to such findings which were supported by the record.

On appeal, the Levitt defendants contend the issue "is not whether [Levitt was] aware of Bonefish's claim against Rush and Autoshred[,] [but] whether [Levitt] had actual knowledge that the representation of no other brokers was false." The Levitt defendants assert "[t]here is no possibility [Levitt] could have 'actual knowledge' of a breach that Rush . . . assured Levitt did not exist." We reject this argument.

Section 13.05(b) of the APA provided Levitt would not be indemnified:

> with respect to any false, incorrect or misleading representation or warranty in [the APA] . . . or breach thereof . . . that [Levitt] had actual knowledge on the Closing Date, where such actual knowledge was acquired because of the events, circumstances and consequences thereof were clear on its face from materials actually provided to or obtained by [Levitt] prior to [purchasing Autoshred].

The term "actual knowledge" is undefined in the APA. Black's Law Dictionary defines "actual knowledge" as: (1) "[d]irect and clear knowledge, as

distinguished from constructive knowledge"; or (2) "[k]nowledge of information that would lead a reasonable person to inquire further."

Here, the judge found Levitt had actual and adequate knowledge of Bonefish's claim for payment of a brokerage commission. Based on the 2019 plenary hearing testimony, the judge concluded Levitt, prior to purchasing Autoshred, received a copy of Bonefish's contract with Autoshred for payment of a commission, and the contract expressly stated Bonefish served as the exclusive broker for the sale of Autoshred. Levitt never denied receiving a copy of Bonefish's contract prior to purchasing Autoshred. Because Bonefish's contract unequivocally stated the document constituted Bonefish's sole agreement with Autoshred, and could only be amended by a writing attached to and incorporated in the APA, the Levitt defendants had information regarding Bonefish's claimed entitlement to payment of a brokerage commission prior to their purchasing Autoshred.

The judge also determined Levitt knew Bonefish commenced litigation against the Rush defendants to enforce payment of a commission and asserted the same claim against fictitiously named defendants who allegedly purchased Autoshred. The judge noted Levitt admitted receiving a copy of Bonefish's complaint prior to the Levitt defendants purchasing Autoshred. Because Levitt

knew about the Bonefish litigation, the judge found "any reliance by Levitt on Rush's statements that . . . Bonefish's claims were . . . without merit [was] not reasonable."  Even if Rush told Levitt that Bonefish agreed to a "verbal carve out" in the brokerage agreement, Levitt had a copy of the contract, which stated any modifications to the agreement had to be in writing.

Further, Levitt also knew Bonefish claimed to have a competing letter of intent to purchase Autoshred from a broker representing a different purchaser and that letter demanded payment of a brokerage commission to a party other than Bonefish.  During the plenary hearing, Levitt testified he telephoned Rush to discuss the commission payment demand.

Based on the foregoing testimony, the judge found Levitt had "actual knowledge" of Rush's breach of Section 7.10 of the APA, which represented and warranted Autoshred had not "incurred any liability or obligation to any broker . . . for any brokerage fees, finder's fees or commissions with respect to the transactions contemplated by [the APA] for which [the Levitt defendants] shall be responsible in whole or in part."

Having reviewed the record, the judge complied with our instructions on remand.  The judge rendered credibility determinations in support of his conclusion that Levitt had "actual knowledge" of Rush's breach of the APA and,

9

therefore, Section 13.05(b) of the APA barred Levitt's crossclaim for indemnification. We are satisfied the judge's credibility determinations and findings on remand are well-supported by the record.

Any remaining arguments raised by the Levitt defendants are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0167-22