**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1000-23

SCOTT DIANA, on behalf of
himself and those similarly
situated,

  Plaintiff- Appellant,

v.

LVNV FUNDING LLC,
MHC RECEIVABLES, LLC,
FNBM, LLC, SHERMAN
ORIGINATOR III LLC, and
SHERMAN ORIGINATOR LLC,

  Defendants-Respondents.

_____

    Argued September 9, 2024 – Decided September 26, 2024

    Before Judges Chase and Vanek.

    On appeal from the Superior Court of New Jersey, Law
    Division, Bergen County, Docket No. L-0151-23.

    Mark H. Jensen argued the cause for appellant (Kim
    Law Firm LLC, attorneys; Youngmoon Kim and Mark
    H. Jensen, on the briefs).

Jacquelyn A. DiCicco argued the cause for respondents LVNV Funding LLC, Sherman Originator III LLC, and Sherman Originator LLC (J. Robbin Law PLLC, attorneys; Jacquelyn A. DiCicco, on the brief).

Christopher A. DeGennaro argued the cause for respondents MHC Receivables, LLC and FNBM, LLC (Foley & Lardner LLP, attorneys; Christopher A. DeGennaro and Samuel J. Fishman, on the brief).

PER CURIAM

In this debt collection action, plaintiff Scott Diana appeals from two October 20, 2023 Law Division orders entered by Judge Mary F. Thurber dismissing his complaint with prejudice and denying his cross-motion to transfer, consolidate and vacate the April 20, 2017 final default judgment entered against him by the Special Civil Part (SCP) in favor of LVNV Funding LLC (LVNV). We affirm.

I.

We glean the salient facts from the motion record before the Law Division. Plaintiff defaulted on paying an outstanding balance owed to Credit One Bank, N.A. (Credit One). As a result, in June of 2016, Credit One closed plaintiff's credit card account and the outstanding debt was successively assigned to defendants.

2                                                                                          A-1000-23

Ultimately, the debt was assigned to LVNV, which filed a two-count complaint against plaintiff in the Law Division, SCP, Bergen County,[1] seeking to collect on the debt (the SCP action). When plaintiff did not respond to the complaint, the SCP entered the April 20, 2017 final default judgment against plaintiff and in favor of LVNV in the amount of $703.29 (the default judgment).

On November 19, 2018, the United States District Court, District of New Jersey consolidated a series of related class action cases into Lopez v. Faloni & Associates, LLC, 2:16-cv01117-SDW-SCM (D.N.J.). The plaintiffs in Lopez alleged LVNV had violated the New Jersey Consumer Finance Licensing Act (CFLA), N.J.S.A. 17:11C-1 to -49, by attempting to collect on outstanding account balances without being licensed. A class-wide settlement agreement was approved and the litigation was terminated by a July 9, 2020 court order. Plaintiff did not opt out of the class or object to the settlement and, instead, received compensation under the settlement agreement.

On January 3, 2023, plaintiff filed a three-count class action complaint against defendants LVNV, Sherman Originator III LLC, Sherman Originator LLC, MHC Receivables LLC, and FNBM LLC in the Law Division, Hudson County. The complaint alleged each defendant unlawfully purchased

---

[1] The SCP complaint was filed under docket number BER-DC-57-17.

consumers' debt without first obtaining a business license to operate as a consumer lender or sales finance company, as required by the CFLA. Plaintiff sought a declaratory judgment deeming the defaulted accounts unenforceable and enjoining LVNV from collecting on the accounts (count one); seeking treble damages and attorneys' fees under the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -228 (count two); and demanding disgorgement of alleged unjust enrichment LVNV received through collection efforts (count three).[2] On January 9, 2023, the complaint was transferred to the Law Division, Bergen County by court order.

Thereafter, a series of motions were filed. Defendants filed a motion with the Law Division to dismiss the complaint with prejudice or, in the alternative, to compel arbitration. Plaintiff filed a motion with the SCP to vacate the default judgment, arguing he had not been served with the SCP complaint and LVNV could not collect on the debt since it was not licensed pursuant to the CFLA.

On July 7, 2023, a SCP order was entered denying plaintiff's motion to vacate the default judgment without prejudice, subject to refiling in the Law Division along with a request to transfer and consolidate the two actions. The

---

[2] Plaintiff voluntarily withdrew the unjust enrichment claim on the record at oral argument before the trial court on October 20, 2023.

A-1000-23

order further set forth: "[i]f the Law Division judge does not consolidate, [plaintiff] can refile a motion to dismiss before this court. The motion to vacate is not precluded from being heard . . . [at] the discretion of the Law Division judge—even though this case is technically closed at this point."

Plaintiff opposed defendants' motion to dismiss the Law Division action and cross-moved to transfer, consolidate and vacate the SCP default judgment. After considering counsels' written submissions and oral arguments, Judge Thurber rendered an oral decision on October 20, 2023, granting defendants' motion to dismiss and denying plaintiff's cross-motion. The trial court dismissed the CFLA claim based on the conclusion that plaintiff does not have a private right of action under the CFLA and he cannot circumvent that determination by couching his claim under the Uniform Declaratory Judgments Act (UDJA), N.J.S.A. 2A:16-50 to -62.

The judge also concluded plaintiff does not have a cognizable cause of action under the CFA since there was no sale of merchandise or services by defendants that induced plaintiff to make a purchase. In reaching this determination, the trial court distinguished Gonzalez v. Wilshire Credit Corp., 207 N.J. 557 (2011), and relied on Chulsky v. Hudson L. Offices, P.C., 777 F.Supp. 2d 823 (D.N.J. 2011), and DepoLink Ct. Reporting & Litig. Support

Servs. v. Rochman, 430 N.J. Super. 325 (App. Div. 2013). The trial court also found plaintiff did not allege any ascertainable loss as required under the CFA.

The trial court denied plaintiff's cross-motion based on dismissal of the Law Division case, finding there was no pending action to consolidate with the SCP action. The trial court declined to rule on defendants' res judicata and entire controversy arguments based on mootness, since it denied plaintiff's motion to vacate the default judgment, subject to further proceedings before the SCP. When asked by the court, plaintiff's counsel did not disagree with the trial court's suggestion that the motion to vacate the default judgment should be refiled in the SCP.[3]

Two memorializing orders were entered on October 20, 2023. The first order dismissed plaintiff's Law Division complaint with prejudice based on Judge Thurber's oral decision. The second order denied plaintiffs' cross-motion to transfer, consolidate and vacate the SCP default judgment, stating plaintiff was not barred from "making/renewing that motion in the [SCP], subject to the discretion of the [SCP] judge."

This appeal follows.

---

[3] At oral argument before the panel, the parties advised us that a subsequent motion to vacate the SCP default judgment was denied and is the subject of a pending separate appeal.

## II.

Plaintiff appeals both orders on separate grounds. Plaintiff asserts the trial court erred in dismissing his Law Division complaint because defendants were not licensed under the CFLA and, therefore, LVNV's collection efforts give rise to causes of action under the CFLA and CFA. Plaintiff also contends his cross-motion to vacate the SCP default judgment was not moot, regardless of the dismissal of the Law Division complaint.

Appellate review of a trial court's grant of a motion to dismiss is de novo. Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021). "A reviewing court must examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving the plaintiff the benefit of 'every reasonable inference of fact.'" Ibid. (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 107 (2019)). The test for determining the adequacy of a pleading is "whether a cause of action is 'suggested' by the facts." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)).

Although a trial court's order granting a motion to dismiss is ordinarily without prejudice, dismissal with prejudice is "mandated where the factual allegations are palpably insufficient to support a claim upon which relief can be

A-1000-23

granted." Rieder v. State, 221 N.J. Super. 547, 552 (App. Div. 1987). If "discovery will not give rise to such a claim," dismissal with prejudice is proper. Dimitrakopoulos, 237 N.J. at 107.

## III.

## A.

Under this lens, we turn first to plaintiff's assertion that the trial court erred in concluding there is no private right of action under the CFLA. We reject plaintiff's argument and affirm the trial court's with-prejudice dismissal of plaintiff's CFLA claim.

In Francavilla v. Absolute Resolutions VI, LLC, decided by us while this appeal was pending, we concluded the CFLA does not contain a statutory private right of action since it only provides a mechanism for action and enforcement by the Commissioner of Banking and Insurance. 478 N.J. Super. 171, 180 (App. Div. 2024) ("[t]he [Maryland Consumer Debt Collection Act] also contains a private right of action, while [the CFLA] does not."); See also N.J.S.A. 17:11C-18. Instead, the Legislature determined a "consumer lender" who violated the licensing provision of the CFLA would "be guilty of a crime of the fourth degree." N.J.S.A. 17:11C-33(b). We found the plaintiff in Francavilla lacked

standing under the CFLA to proceed with a class action since there was no legislatively-crafted private right of action.

We see no reason to depart from our conclusion in Francavilla in this case. Plaintiff relies solely on non-binding authority to argue there is an implied private right of action under the CFLA. We are unconvinced by plaintiff's suggestion that we should contravene the plain statutory language of the CFLA.

B.

We also reject plaintiff's contention he has standing to pursue the CFLA claim under the UDJA, N.J.S.A. 2A:16-50 to -62, which sets forth in part:

> A person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.
>
> [N.J.S.A. 2A:16-53.]

This plain statutory language supports a conclusion that the UDJA does not create any substantive rights but, instead, is a vehicle through which recognized causes of action may be pursued. See In re Resol. of State Comm'r of Investigation, 108 N.J. 35, 41-42 (1987). Since plaintiff does not have a

9

private right of action to pursue a violation of the CFLA, we affirm the trial court's ruling that plaintiff may not circumvent established law by coding his complaint under the UDJA.

IV.

Next, plaintiff argues the trial court erred in dismissing count two, finding the commencement of SCP litigation to collect plaintiff's debt is not "subsequent performance of the sale of merchandise" entitling plaintiff to CFA remedies. We affirm.

The CFA sets forth

> The act, use or employment by any person of any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice; provided, however, that nothing herein contained shall apply to the owner or publisher of newspapers, magazines, publications or printed matter wherein such advertisement appears, or to the owner or operator of a radio or television station which disseminates such advertisement when the owner, publisher, or operator has no knowledge of the intent, design or purpose of the advertiser.

10

[N.J.S.A. 56:8-2.]

The CFA is intended to "provide[] a private cause of action to consumers who are victimized by fraudulent practices in the marketplace." Gonzalez, 207 N.J. at 576. In order to accomplish this goal, courts are instructed to broadly construe its protections. Lemelledo v. Benefit Mgmt. Corp., 150 N.J. 255, 264 (1997). However broad the Legislature intended the protections of the CFA to be, "a consumer's standing to recover under the CFA is not without limits." DepoLink, 430 N.J. Super. at 339. Under the CFA, an actionable misrepresentation is one that is material to the transaction and "made to induce the buyer to make the purchase." Id. at 338 (quoting Gennari v. Weichert Co. Realtors, 148 N.J. 582, 607 (1997)).

We reject plaintiff's argument that the Court's decision in Gonzalez mandates reversal of the Law Division order dismissing the CFA claim against defendants—third party purchasers of outstanding debt. In Gonzalez, the Court found a CFA cause of action meritorious where a bank and a credit servicing agency recast the terms of a loan in a subsequent agreement, which allegedly included "illicit financing charges and miscalculations of monies due." Gonzalez, 207 N.J. at 563. The Court held the post-foreclosure judgment loan

modifications were "in form and substance an extension of credit" and the plaintiff could proceed with a CFA claim based on the new transaction.  Ibid.

Several years later in DepoLink, we concluded the CFA was inapplicable to a claim against a collection agency where the alleged misrepresentation was not made in connection with the sale of merchandise or services directly to the consumer.  DepoLink, 430 N.J. Super. at 339.  In DepoLink, the defendant filed a third-party complaint for common law fraud, as well as for violations of the CFA and the Fair Debt Collection Practices Act (FDCPA), against the collection agency who attempted to recover a debt he owed.  Id. at 332.  The trial court dismissed the claim and we affirmed, concluding the defendant had not transacted with the collection agency through "an offer to sell merchandise, nor did [the] defendant buy anything from the collection agency."  Id. at 339.

We find no reason to depart from our rationale in DepoLink in this case, which, unlike Gonzalez, presents a CFA claim against a debt collector where there was no misrepresentation made directly to plaintiff which resulted in a sale or transaction.  Since we find no error with the trial court's dismissal of plaintiff's CFA claim on this basis, we need not reach plaintiff's argument that the trial court erred in determining he had not suffered an "ascertainable loss," as required to state a claim under the CFA.

A-1000-23

V.

Plaintiff asserts that even if the trial court did not improperly dismiss his claims under the CFLA and CFA, it errantly denied plaintiff's cross-motion to vacate the SCP default judgment as moot. We affirm.

"An issue is 'moot when our decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'" Redd v. Bowman, 223 N.J. 87, 104 (2015) (quoting Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011) (internal quotation marks omitted)).

In colloquy with plaintiff's counsel after dismissal of the Law Division complaint, the trial court addressed the propriety of transferring and consolidating the SCP case with the Law Division action

> THE COURT: [Plaintiff's counsel,] in the absence of a case here, I would think that your motions to transfer and consolidate are moot [and/or] withdrawn because there is no case to consolidate them into.
>
> . . . [W]hat I would think is that, if there is a reason for your client to . . . pursue vacating the default, that it probably goes back to . . . the Special Civil Part because I haven't transferred the matter here. Do you have any thoughts on that, any concerns about that approach, any disagreement with that conclusion?
>
> PLAINTIFF'S COUNSEL: No, Your Honor, we'll go back to [the Special Civil Part].

A-1000-23

Since plaintiff's counsel did not object to the course of action suggested by Judge Thurber, the trial court's conclusion is reviewed under the plain error standard, requiring us to determine whether there was an error that "was 'clearly capable of producing an unjust result.'" R. 2:10-2; State v. Dunbrack, 245 N.J. 531, 544 (2021) (quoting State v. Funderburg, 225 N.J. 66, 79 (2016)). "Relief under the plain error rule, R[ule] 2:10-2, at least in civil cases, is discretionary and 'should be sparingly employed.'" Baker v. Nat'l State Bank, 161 N.J. 220, 226 (1999) (quoting Ford v. Reichert, 23 N.J. 429, 435 (1957)).

We discern no error with the trial court's denial of plaintiff's cross-motion to transfer the SCP action to the Law Division for consolidation with a dismissed case. This conclusion is especially warranted here where plaintiff had a clear, and consented to, avenue to seek further relief.

We decline to disturb the trial court's decision not to address defendants' res judicata or entire controversy doctrine arguments based on mootness. Since all of plaintiff's claims in the Law Division litigation were dismissed on other grounds and the trial court denied plaintiff's cross-motion to vacate the default judgment subject to refiling with the SCP, a substantive ruling on those issues was not necessary to disposition.

Any arguments not addressed in this decision are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1000-23