**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0717-23

MITCHELL V. KARL,

     Plaintiff-Respondent,

v.

ELIAS SCHNEIDER,

     Defendant-Appellant.

_____

> Submitted October 30, 2024 – Decided December 11, 2024
>
> Before Judges Marczyk and Torregrossa-O'Connor.
>
> On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. DC-002367-22.
>
> Elias Schneider, appellant pro se.
>
> Mitchell V. Karl, respondent pro se.

PER CURIAM

    Defendant, Elias Schneider, appeals from a September 15, 2023 judgment in favor of plaintiff, Mitchell V. Karl, D.D.S., following a trial in the Law

Division, Special Civil Part, and the trial court's October 24, 2023 order denying his motion for reconsideration, rejecting a newly-raised challenge to hearsay and finding the judgment rested on sufficient testimony from plaintiff. We affirm.[1]

I.

Plaintiff, a retired dentist, filed suit in 2020 to collect an "unpaid balance for dental services rendered [to defendant] and successfully completed" in the amount of $5,193.65. Defendant asserted an affirmative defense of "[f]ailure of [c]onsideration," alleging "[p]laintiff's services were not 'successfully completed' as alleged"; "the caps and/or filling fell out and defendant did not receive the benefit of the work allegedly performed"; and the dental repairs that "were supposedly permanent . . . were merely temporary work which fell out in the normal [use] of the work."

As the failure of consideration defense sounded in professional malpractice, the matter was transferred from the Special Civil Part to the Law Division. After defendant failed to serve an affidavit of merit, the Law Division transferred the matter back to the Special Civil Part, clarifying that defendant

_____

[1] Both plaintiff and defendant proceed pro se on appeal, as they did at trial. We note defendant is an attorney.

2

would not be precluded "from raising the defense of failure of consideration at the time of trial."

Calling no other witnesses, both plaintiff and defendant testified at trial, and referenced, without objection, electronically submitted documents. Before each party testified, the court itemized on the record their respective pre-marked exhibits.

It was undisputed that before retiring and selling his dental practice in 2021 to Dr. Ramla Ahmed, plaintiff treated defendant from 2000 to 2019. Plaintiff testified that in 2018 he provided defendant a variety of dental services for which there remained an unpaid balance of $5,307.40 as of October 2019, an amount defendant did not contest or refute at trial.

Plaintiff referenced his pre-marked office billing ledger, showing the amount billed for services and the payments received from defendant and his insurance company. Specifically, plaintiff testified that the ledger showed defendant's specific payment in full on July 17, 2018, for past services, and "[t]herefore, all other charges, balances, and payments displayed on the ledger [were] only related to the treatment that commenced" after that date.

Plaintiff testified in detail regarding the nature of the services provided for which there remained an unpaid balance. According to plaintiff, his office

3

"asked . . . defendant numerous times to clear his outstanding balance," referencing at times handwritten "clinical notes" he described as made by "a person [who] had personal knowledge of the services or conversations as part of their job duties and were made and retained in the ordinary and regular course of the practice's business." Plaintiff testified that "[o]n June 17[], 2019 . . . defendant stated that he didn't have the money to pay the amount due, so I sent him to collections. That is written in his chart. As a result, I filed this suit against . . . defendant . . . a year later on July 7[], 2020."

Defendant did not dispute that the work was performed or that he might have indicated an inability to pay the balance. Instead, he inquired on cross-examination regarding the quality of work, asking about "a plastic device" placed in his mouth and referencing, "photographs that [he] supplied as to the actual caps that were removed by another dentist" and "x-rays" of his mouth, about which plaintiff denied knowledge.

Defendant also challenged plaintiff's right to collect the balance after selling his practice. Plaintiff testified the terms of sale allowed him to retain his existing accounts receivable, and indicated Dr. Ahmed agreed to assist him in collecting his outstanding balances. Plaintiff cited as support, without any objection by defendant, the pre-marked portion of his contract with Dr. Ahmed

A-0717-23

specifically stating "[t]he parties acknowledge that the . . . accounts receivable . . . shall remain the property of the seller." Plaintiff explained "seller's accounts receivable" included, as expressly defined in the contract, "all amounts or fees due and payable to the seller, including without limitation, amounts that have been previously billed and/or that have not yet been billed from patients that is attributed to services rendered in the practice, whether partially or in full, before the date of closing."

Plaintiff acknowledged an electronic billing statement sent by Dr. Ahmed to defendant after the sale, explaining that Dr. Ahmed's "computer-generated form from the office" was sent in error as the claim against defendant had been sent to collections.

Prior to defendant's testimony, the court itemized defendant's pre-marked exhibits, which included photos and dental x-rays, the electronic billing statement from Dr. Ahmed, and additional court documents. Defendant's testimony focused on ownership of the accounts receivable and plaintiff's allegedly defective services. Defendant relied exclusively on the emailed billing statement from Dr. Ahmed to challenge ownership.

As to lack of consideration, defendant testified that he "received" from plaintiff "a plastic insert" that "kept falling out," claiming the insert "eventually

5

broke" leaving him "a hole with a [piece of thin] metal" in his mouth, and a filling fell out causing his tooth to "crumble[] away." Defendant explained:

> I don't think that's getting the consideration for the monies I was being charged. I had insurance. They were paying. I was paying the balance. And . . . I was being charged by two different people . . . .
>
> . . . .
>
> Now, I didn't want to accuse Dr. Karl of medical malpractice. I . . . don't get involved in malpractice claims against lawyers or doctors . . . I'm really turned off by that.
>
> So, I . . . probably told him I didn't have money at that point, but that really wasn't the situation. I had money. I'm an attorney. I . . . have a nice practice. But I didn't want to hurt his feelings and say you committed malpractice.

The court questioned defendant, attempting to distinguish defendant's complaints from a renewed claim of dental malpractice. Defendant responded, "[t]hey're both valid ways to describe what happened. I didn't get what I paid for. This stuff was supposed to last a lot longer than it did because you can see there the caps are right in front of you on . . . the picture that I took of them."

When the testimony concluded, the documents marked for identification were never formally admitted into evidence.

The judge issued his oral decision in favor of plaintiff awarding judgment in the amount of $5,307.40. The judge summarized:

> And toward the end there was some significant work. It involves capping teeth, and there's a significant balance of $5,307.40 . . . listed on the . . . ledger of . . . plaintiff at the time . . . defendant ceased to be a patient of [plaintiff].
>
> [P]laintiff testified that the amounts charged were reasonable and necessary for the services requested, and credits were applied for amounts received from dental insurance that's reflected in the ledger. And there was a payment—the last payment of—there was a payment of $1,000 from [defendant] . . . made toward the end, and both parties admitted that . . . did in fact occur. So, that's . . . plaintiff's case.

The court found defendant's challenge to the quality of the work remained an allegation of malpractice over which the Special Civil Part lacked jurisdiction. The court further explained defendant's defense of lack of consideration failed and, although defendant "produce[d] some x-rays," the court had no way of interpreting them without expert testimony.

The court also found plaintiff proved by a preponderance of the evidence that he owned the right to pursue the receivable. The court acknowledged Dr. Ahmed's sending one billing statement by email to defendant, but accepted plaintiff's testimony, supported by the express terms of his contract with Dr. Ahmed, finding that defendant's accounts receivables were not assets transferred

7

by the sale of the practice. The court added that the judgment "shall act as a bar against any attempt by Dr. Ramla Ahmed or Clarity Dental to collect from . . . defendant for the services rendered in this matter."

Subsequently, defendant moved for reconsideration, arguing for the first time that plaintiff failed to prove his case as he never moved any of the pre-marked exhibits into evidence and claiming the court erred in relying on what he characterized as secondary hearsay testimony from plaintiff. The court denied defendant's motion reasoning: (1) "[t]h[e] business records of . . . plaintiff were not objected to by . . . defendant on the day of trial;" and (2) "[t]he verbal testimony of . . . plaintiff was sufficient to support the entry of judgment by the [c]ourt." This appeal followed.

## II.

Defendant's arguments on appeal, at their core, challenge the trial court's utilization of the marked documents referenced at trial that were never formally admitted into evidence. Defendant cites to N.J.R.E. 1002 and 1004, or the "Best Evidence Rule," to suggest that the court improperly rested its decision on "secondary evidence." Defendant also raises for the first time on appeal a challenge to the judgment amount, noting its discrepancy with the $5,193.65 pled in plaintiff's complaint.

Plaintiff counters that the judgment is sufficiently anchored by his own firsthand testimony about the work performed, his ownership of the claim, and the amount due; and, alternatively, the failure to formally admit the documents does not constitute plain error, as the parties both relied, without objection, on pre-marked exhibits that they intended to admit, and defendant waived any challenge by failing to object at trial.

### III.

"Our review of a judgment following a bench trial is limited." Accounteks.Net, Inc. v. CKR Law, LLP, 475 N.J. Super. 493, 503 (App. Div. 2023) (citing Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011)). "[F]indings [of fact] by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998) (citing Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 484 (1974)). "Because a trial court hears the case, sees and observes the witnesses, and hears them testify, it has a better perspective than a reviewing court in evaluating the veracity of witnesses." Id. at 412 (alterations omitted) (citations and internal quotation marks omitted). Likewise, appellate courts defer to a trial court's evidentiary rulings absent an abuse of discretion. See Rowe v. Bell & Gossett Co., 239 N.J. 531, 551 (2019). Questions of law, however, are reviewed

9

de novo.  See Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

We similarly review with deference a trial court's denial of a motion for reconsideration under Rule 4:49-2 and disturb those findings only upon an abuse of discretion.  See Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). Reconsideration does not afford dissatisfied litigants "a second bite at the apple."  Medina v. Pitta, 442 N.J. Super. 1, 18 (App. Div. 2015).

Importantly, "our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'"  Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)); see also J.K. v. N.J. State Parole Bd., 247 N.J. 120, 138 n.6 (2021).  "Moreover, the '[f]ailure to make a timely objection indicates that defense counsel did not believe the remarks were prejudicial at the time they were made,' and it 'also deprives the court of the opportunity to take curative action.'"  Jackowitz v. Lang, 408 N.J. Super. 495, 408 (App. Div. 2009) (quoting State v. Timmendequas, 161 N.J. 515, 576 (1999)).  "Where [the defendant] has not objected, we generally will not reverse

unless plain error is shown." Ibid. (citing R. 2:10-2). "The question of whether plain error occurred depends on whether the error was clearly capable of producing an unjust result. Relief under the plain error rule . . . is discretionary and 'should be sparingly employed.'" Baker v. Nat'l State Bank, 161 N.J. 220, 226 (1999) (quoting Ford v. Reichert, 23 N.J. 429, 435 (1957)); see R. 2:10-2.

## IV.

Here, our review of the record readily reveals defendant never objected to or raised any challenge at trial to the parties' and court's reliance on hearsay testimony about proffered documents or to their foundation. To the contrary, defendant affirmatively utilized on cross-examination and specifically testified regarding pre-marked evidence, such as Dr. Ahmed's electronic billing statement and plaintiff's contract with Dr. Ahmed. Further, although the exhibits were never formally admitted into evidence, defendant at no time drew attention to what clearly appears to have been a procedural oversight. The record demonstrates the parties' intent to rely on the pre-marked and referenced exhibits. The procedural oversight does not rise to reversible plain error.

We therefore discern no abuse of discretion in the trial court's denying reconsideration on that basis. We similarly need not address defendant's claim raised for the first time on appeal that the judgment is slightly greater than the

11

$5,193.65 pled in plaintiff's complaint, when the discrepancy was never raised or explored at trial or in defendant's reconsideration motion. See Nieder, 62 N.J. at 300.

We briefly note the following about the merits of defendant's claims. The trial court on reconsideration clarified that it relied on plaintiff's testimony which it deemed sufficient to support its findings. Plaintiff testified from his firsthand knowledge about the nature of the work he performed, the remaining amount due, and the relevant parts of his agreement to sell his practice. The court found trustworthy plaintiff's testimony and correctly acknowledged its inability to interpret defendant's claims of substandard dental work without the benefit of an expert and its lack of jurisdiction to consider malpractice claims. See R. 6:1-2(a)(1). We will not substitute our judgment for that of the trial judge uniquely positioned to assess the relative credibility of the testimony and evidence. See Accounteks.Net, Inc., 475 N.J. Super. at 503.

We recognize that plaintiff referenced hearsay in his own business records when explaining the amount owed and cited the written contract regarding his retaining ownership of the collection claim. These documents constituted the "best evidence" of their own contents. See N.J.R.E. 1002. Nevertheless, any testimony about these documents was offered in addition to plaintiff's own

12

uncontested testimony, which was subject to defendant's extensive cross-examination. Therefore, as stated, we perceive no plain error in the court's reliance, if any, on minimal uncontested hearsay.

To the extent we have not addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0717-23