**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0940-23

THE STABILE LAW FIRM,

    Plaintiff-Appellant,

v.

ADAM LE CUYER,[1]

    Defendant-Respondent.

_____

Submitted December 3, 2024 – Decided January 21, 2025

Before Judges Bishop-Thompson and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. SC-000286-23.

The Stabile Law Firm, LLC, appellant pro se (Steven L. Stabile, on the brief).

A. Grey Le Cuyer, respondent pro se.

PER CURIAM

---

[1] Improperly pled as Lecuyer.

In this dispute over legal fees, plaintiff, The Stabile Law Firm, LLC, appeals from the Special Civil Part's November 16, 2023 final judgment dismissing plaintiff's complaint with prejudice following a bench trial. We affirm.

I.

The dispute between these parties stems from plaintiff's representation of defendant Adam Le Cuyer on a shoplifting charge. In February 2022, defendant contacted plaintiff for legal representation on a disorderly persons offense in Somers Point Municipal Court. Defendant alleged that Steven Stabile assigns cases to attorneys who work for the firm on a case-by-case basis to handle. In this case, Richard Preston was assigned to represent defendant.

Defendant and Preston spoke prior to the court hearing, on at least one occasion. Preston alleged that plaintiff agreed to represent defendant at a reduced rate of $750 on this disorderly person's offense. Defendant charged this amount on his credit card.

After reviewing discovery, Preston allegedly negotiated a disposition for defendant on the shoplifting charge and advised him of the offer. On the hearing date, Preston had a scheduling conflict and arranged for a per diem attorney, Kate Mitchell, to cover the matter for him.

Following the hearing, defendant, displeased with the representation he received, did a charge-back on his credit card, which resulted in the firm not being paid. Plaintiff pursued payment from defendant, and when those efforts failed, plaintiff filed a complaint in the Special Civil Part seeking $750 plus costs.

On November 13, 2023, the judge conducted a one-day bench trial, during which Preston[2] and defendant testified. No additional witnesses were called, or evidence proffered.

Preston testified he did not have a written retainer agreement but stated "I have a retainer agreement that was allegedly done over the phone, I guess." Preston explained that such verbal agreements were "very, very common" during the COVID-19 pandemic. At trial, no written retainer agreement was produced, nor did plaintiff provide a receipt from the credit card transaction.

Preston testified that prior to the hearing, he had more than two conversations with defendant on the phone and he reviewed the discovery in the case. Preston explained to defendant that he could come to the office to review

_____

[2] Preston, having been assigned to represent defendant in the underlying matter, filed the small claims complaint on behalf of plaintiff, the Stabile Law Firm. On the day of trial, Preston appeared as both a witness testifying in support of the relief plaintiff was seeking and as the attorney on behalf of plaintiff.

A-0940-23

the discovery contained in a disc format. According to Preston, he negotiated a conditional dismissal on the shoplifting charge with the prosecutor on defendant's behalf. Preston testified that because he had a scheduling conflict with another matter, he arranged for Mitchell to appear and "put through th[e] plea for us."

Defendant testified that the day before the scheduled hearing, he received a text from Mitchell advising him of the hearing date and time and that he should appear. According to defendant, this person (Mitchell) "knew nothing about my case, told me point-blank that no discovery had yet been received . . ." Defendant testified that he requested Mitchell arrange for a continuance until Preston was available to appear.

The next day, defendant testified that he appeared for a remote hearing via Zoom and was "compelled against [his] will" to plead guilty, which resulted in him being fined over $500, placed on probation and having a criminal record. However, defendant testified that he could not recall whether he testified or even appeared before the judge. He claimed that Mitchell simply advised him that the matter was over. No transcript of the Municipal Court hearing or final disposition order was admitted into evidence.

A-0940-23

Defendant testified that, after contacting plaintiff and expressing his dissatisfaction with the representation he received, he was advised he would receive a refund of the $750 legal fees paid. Defendant did not dispute that he contacted his credit card company to effectuate a charge-back when he did not receive the refund he believed was promised to him.

Preston disputed that defendant pled guilty and testified that he received the conditional dismissal as bargained for and fully explained to him. Neither party submitted any evidence at trial nor gave closing statements.

After defendant testified, the judge issued an oral decision and accompanying order on November 16, 2023, dismissing plaintiff's complaint against defendant with prejudice. The judge found that plaintiff was suing for money owed pursuant to a written retainer agreement, which was never produced. The judge concluded, as a matter of credibility and proof, plaintiff failed to meet its burden and thereby dismissed the case.

On appeal, plaintiff argues the trial judge erred in not applying quantum meruit and in not finding that the case falls within the definition of a quasi-contract.

A-0940-23

II.

Our review in an appeal from a bench trial is both deferential and de novo. With respect to the judge's fact-finding function, our review is limited and deferential. Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011); D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013). We review de novo the "[trial] court's interpretation of the law and the legal consequences that flow from established facts." Accounteks.Net, Inc. v. CKR Law, LLP, 475 N.J. Super. 493, 503-04 (App. Div. 2023) (quoting Manalapan Realty L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Arguments not raised before the trial court will generally not be considered on appeal. See Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012). We "decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)).

In such cases, the plain error rule applies, requiring a showing of error "clearly capable of producing an unjust result." R. 2:10-2. "Relief under the

A-0940-23

plain error rule, R. 2:10-2, at least in civil cases, is discretionary and 'should be sparingly employed.'" Baker v. Nat'l State Bank, 161 N.J. 220, 226 (1999) (quoting Ford v. Reichert, 23 N.J. 429, 435 (1957)). Generally,

> A defendant who does not raise an issue before a trial court bears the burden of establishing that the trial court's actions constituted plain error because to rerun a trial when the error could easily have been cured on request[] would reward the litigant who suffers an error for tactical advantage either in the trial or on appeal.
>
> [State v. Santamaria, 236 N.J. 390, 404-05 (2019) (alteration in original) (quoting State v. Ross, 229 N.J. 389, 407 (2017)) (internal quotation marks omitted).]

However, an issue not raised below may be considered if inherent to the issues raised below. Floyd v. Morristown European Motors, Inc., 138 N.J. Super. 588, 592 (App. Div. 1976).

"In light of the unique and special relationship between an attorney and a client, ordinary contract principles governing agreements between parties must give way to . . . higher ethical and professional standards . . . . " Cohen v. Radio-Elecs. Officers Union, Dist. 3, NMEBA, AFL-CIO, 275 N.J. Super. 241, 259 (App. Div. 1994), modified, 146 N.J. 140 (1986) (Cohen I). "A contract for legal services is not like other contracts." Cohen I, 275 N.J. Super. at 259. "Ultimately, '[an] attorney bears the burden of establishing the fairness and reasonableness of the transaction.'" Balducci v. Cige, 240 N.J. 574, 594 (2020)

A-0940-23

(quoting Cohen v. Radio-Elecs. Officers Union, Dist. 3, NMEBA, 146 N.J. 140, 155 (1996) (Cohen II)).

"It is well-established that '[a] lawyer is required to maintain the highest professional and ethical standards in his [or her] dealings with [their] clients.'" Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn, 410 N.J. Super. 510, 529 (App. Div. 2009) (quoting In re Humen, 123 N.J. 289, 299-300 (1991)). The Rules of Professional Conduct governing legal fees require those fees to be reasonable and "[w]hen the lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated in writing to the client before or within a reasonable time after commencing the representation." RPC 1.5(a) and (b). When contracting for a fee, "[t]he lawyer must explain at the outset the basis and rate of the fee the lawyer intends to charge." Alpert, 410 N.J. Super. at 530.

Those "[a]greements between attorneys and clients concerning the client-lawyer relationship generally are enforceable, provided the agreements satisfy both the general requirements for contracts and the special requirements of professional ethics." Cohen II, 146 N.J. at 155. "Ultimately, '[an] attorney bears the burden of establishing the fairness and reasonableness of the transaction.'" Balducci, 240 N.J. at 594 (quoting Cohen II, 146 N.J. at 156).

8

We consider plaintiff's contentions in light of these governing legal principles. Plaintiff contends that the judge erred in not applying quantum meruit and awarding relief to plaintiff because no signed agreement was produced but services were clearly rendered. Plaintiff, however, sought renumeration based upon an express agreement between the parties. Now, for the first time on appeal, plaintiff argues that the principles of quantum meruit and quasi-contract entitle him to relief. Thus, we review for plain error. R. 2:10-2.

When a fee agreement is unenforceable, a trial court may consider whether an attorney "is entitled to recover the reasonable value of [the attorney's] services under a quantum meruit theory." Starkey, Kelly, Blaney & White v. Est. of Nicolaysen, 172 N.J. 60, 67 (2002). To establish a quantum meruit claim for counsel fees, "a plaintiff must establish: '(1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services.'" Id. at 68 (quoting Longo v. Shore & Reich, Ltd., 25 F.3d 94, 98 (2d Cir. 1994)).

However, if an express contract exists, a court cannot grant "relief regarding the same subject matter based on quantum meruit." Kas Oriental

Rugs, Inc. v. Ellman, 394 N.J. Super. 278, 286 (App. Div. 2007). We recently reaffirmed this principle in N.Y.-Conn. Dev. Corp. v. Blinds-To-Go (U.S.) Inc., 449 N.J. Super. 542, 556 (App. Div. 2017):

> It has long been recognized, however, that the existence of an express contract excludes the awarding of relief regarding the same subject matter based on quantum meruit. An implied contract cannot exist when there is an express contract about the identical subject. The parties are bound by their agreement, and there is no ground for implying a promise.
>
> [N.Y.-Conn. Dev. Corp., 449 N.J. Super. at 556 (internal quotation marks and citations omitted).]

Here, plaintiff was seeking to enforce an express agreement, which it did not produce. Thus, the judge found plaintiff failed to prove the existence of a written agreement and the nature of the services to be performed. Based upon our de novo review of the trial record, we discern no error in the judge's decision.

Plaintiff, a law firm, had adequate opportunity to argue quantum meruit as an alternative theory of recovery at the time of trial. However, it offered no Municipal Court transcript as proof nor the reasonable value of the services rendered. Therefore, we are satisfied the judge did not commit plain error by not considering sua sponte the theory of quantum meruit.

Plaintiff also argues that the judge erred by not awarding damages to it under a quasi-contract theory. Again, this argument was not raised below and

we decline to address it. For the same reasons, we are satisfied that the judge did not commit plain error by not considering a quasi-contract theory.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0940-23